FILED
June 20, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003574230

J. RUSSELL CUNNINGHAM, State Bar #130578
J. LUKE HENDRIX, State Bar #271424
DAVID WIKSELL, State Bar #272490
DESMOND, NOLAN, LIVAICH & CUNNINGHAM
1830 15th Street
Sacramento, California 95811
Telephone: (916) 443-2051
Facsimile: (916) 443-2651

Attorneys for Kimberly J. Husted
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

ALEX D. CALVERT,

    Debtor.

Case No. 10-36482-A-7
Chapter 7

DCN: DNL-4

Date: July 11, 2011
Time: 10:00 a.m.
Place: Courtroom 28, Dept. A
501 I Street, 7th Floor
Sacramento, CA 95814

## MOTION FOR ORDER AUTHORIZING SALE OF ESTATE ASSETS BY AUCTION AND AUTHORIZING EMPLOYMENT OF AND COMPENSATION TO WEST AUCTIONS, INC.

KIMBERLY HUSTED ("Trustee"), in her capacity as trustee of the bankruptcy estate of ALEX D. CALVERT, hereby moves for authority to sell the estate's interest in the following assets: (1) sailboat identified by registration number CF 3952 GC and Hull ID Number XLYA3747M77E; (2) Borg binding machine; (3) bread making machine; and (4) miscellaneous printer parts (collectively "Subject Assets"), by public auction. The sale will be conducted by West Auctions, Inc. ("West"), and the sale will run on West's internet auction website (www.westauction.com) from July 19, 2011 through July 21, 2011, and if necessary and appropriate thereafter, through further internet and in-person sales following the primary internet auction. The sale of the Subject Assets

1

will be on an "as is," "where is," basis, with no representations or warranties, express or implied, with respect to such assets. Trustee requests that the 14 day stay period imposed by Federal Rule of Bankruptcy Procedure 6004(h) be waived so that the auction sale can proceed immediately upon the bankruptcy court's order approving the sale. Trustee also moves for authority to employ West as auctioneer and for the allowance of compensation to West in the amount of twenty percent (20%) of the sale proceeds, regardless of the amount. In support of this motion, Trustee submits the following:

## JURISDICTION

1. Jurisdiction for the filing of this motion exists pursuant to 28 U.S.C. Sections 157 and 1334; 11 U.S.C. Section 363(b); 11 U.S.C. Section 327; 11 U.S.C. Section 328; and Federal Rule of Bankruptcy Procedure 6004.

## BACKGROUND

2  This case was commenced by the filing of a voluntary Chapter 7 petition by ALEX D. CALVERT ("Debtor") on June 23, 2010. Trustee is the duly appointed Chapter 7 Trustee.

3. On or about January 27, 2011, Debtor passed away.

4. Among the assets of the bankruptcy estate is Debtor's interest in a sailboat identified by registration number CF 3952 GC and Hull ID Number XLYA3747M77E ("Sailboat"). The Sailboat is berthed at the Vallejo Municipal Marina at a cost of $217.28 per month. The Sailboat was not listed on the Debtor's bankruptcy schedules; Trustee is informed that the Sailboat was transferred by Debtor to BABS BECKWITH ("Beckwith") on the eve of Debtor's bankruptcy filing. Beckwith represents that she paid Debtor $500 for the Sailboat.

5. Trustee has reached an agreement with Beckwith providing for the return of the Sailboat to the bankruptcy estate and the sale of the Sailboat by public auction after bankruptcy court approval. The compromise provides that the sale proceeds shall be disbursed in the following order: (1) sale commission fee to West in the amount of 20% of the gross proceeds of the sale; (2) outstanding security deposit and storage fees, if any, due to the Vallejo Marina Harbor for storage of the Sailboat from June 13, 2011 through completion of the auction sale; (3) reimbursement to Beckwith for storage fees incurred during February, March, and April 2011 in the total amount of

2

$652.00, insurance in the amount of $308.00, registration fees in the amount of $57.00, and reimbursement to Beckwith for her purchase of the Sailboat from Debtor in the amount of $500.00, upon verification of the purchase price, for a total of $1,517.00; and (4) the balance to Trustee for the benefit of the bankruptcy estate. A motion to approve Trustee's compromise with Beckwith is set for hearing at the same time as this motion.

6. Debtor also has an interest in a Borg binding machine, bread making machine, and miscellaneous printer parts currently in the possession of West.

7. Trustee seeks to employ West as Trustee's licensed auctioneer to assist Trustee in liquidating the Subject Assets to satisfy the claims of Debtor's creditors.

**PROPOSED 363(b) SALE OF THE SUBJECT ASSETS**

8. Trustee is satisfied that the best and highest net recovery to the estate will arise by selling the Subject Assets through the employment and services of West.

9. West has agreed to serve as auctioneer in this case on the following terms and conditions:

(a) West will receive compensation of twenty percent (20%) of the gross sale proceeds.

(b) The estate shall be paid all net proceeds of the sale due the estate within thirty (30) working days of any auction pursuant to California Civil Code Section 1812.607(I).

(c) All gross proceeds of sale shall be maintained separate from West's personal or general funds and accounts pursuant to California Civil Code Section 1812.607(j).

(d) At the conclusion of the sale conducted by West, West shall provide Trustee and file with the Court an itemized statement of the assets sold, the name of each purchaser, and the price received for each asset or for the assets as a whole, as required by Federal Rule of Bankruptcy Procedure 6004(f).

10. Daniel West and Trustee have discussed whether any conflicts of interest exist in this case between West and interested parties. In addition, Daniel West has performed or caused to be performed a conflicts check on behalf of West. To the best of his knowledge, no members of West have connections with the Debtor, Trustee, persons employed by the Office of the United States

Trustee, creditors of the Debtor, any of the Debtor's accountants, or any other party in interest in, or having an interest in this case, or any of their respective attorneys and accountants that would preclude its employment or make it other than a disinterested person as that term is defined in 11 U.S.C. Section 101(14). Except as set forth in the supporting declaration of Daniel West, neither West nor Trustee believe any exceptions stated therein would constitute a conflict within the meaning of the Bankruptcy Code.

11. West is aware of the provisions of 11 U.S.C. §328(a) and has agreed, notwithstanding the terms and conditions of employment set forth in this motion, that the Court may allow compensation different from the compensation provided if such terms and conditions prove to have been improvident in light of developments unanticipated at the time of the fixing of such terms and conditions.

12. West has recommended to Trustee that a public auction sale be run on its internet auction website (www.westauction.com) from July 19, 2011 through July 21, 2011, and if necessary and appropriate thereafter, through further internet and in-person sales following the primary internet auction. West will conduct all necessary advertising for the sale. The sale of the Subject Assets will be on an "as is," "where is," basis, with no representations or warranties, express or implied, with respect to such assets. Trustee agrees with West's proposed plan for auction of the Subject Assets.

13. Trustee seeks authority to sell the Subject Assets pursuant to 11 U.S.C. Section 363(b), which allows a bankruptcy trustee can sell estate property other than in the ordinary course of business after notice and hearing.

14. Approving the proposed sale is in the best interest of the estate because net proceeds from the sale will be used toward payment of estate creditors.

### REQUEST FOR RELIEF PURSUANT TO
### FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(h)

15. Trustee requests that the 14 day stay period imposed by Federal Rule of Bankruptcy Procedure 6004(h) be waived so that the auction sale can proceed immediately upon the bankruptcy court's order approving the sale so that the estate can maximize the value of the sale by avoiding

///

4

further storage fees for the Subject Assets which exceed $200.00 per month.

**WHEREFORE**, Trustee prays that the motion be granted and for such other and further relief as is necessary and proper.

DESMOND, NOLAN, LIVAICH & CUNNINGHAM

Dated: June 17, 2011

J. LUKE HENDRIX
Attorneys for Kimberly Husted
Chapter 7 Trustee

5